**William T. LYNAM, III, Ancillary Administrator of the Estate of William C. Bunting, Appellant,**

**v.**

**The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, a British Corporation.**

**No. 14489.**

United States Court of Appeals Third Circuit.

Argued Dec. 5, 1963.

Decided April 24, 1964.

Rehearing Denied June 9, 1964.

William T. Lynam, III (Wilson & Lynam, Wilmington, Del., on the brief), for appellant.

Herbert L. Cobin, Wilmington, Del., for appellee.

Before STALEY, GANEY and SMITH, Circuit Judges.

PER CURIAM.

This is an action for a declaratory judgment to determine the rights of William T. Lynam, III, Ancillary Administrator of the Estate of William C. Bunting. The application is for the deciding by the court of whether or not the defendant is liable on a policy of automobile insurance issued to Hunter M. Martin on August 25, 1956, insuring a 1955 Chevrolet truck.

Hunter M. Martin, after the policy was issued, converted the truck into a tractor unit to tow a 1941 Baker trailer, which trailer was separately registered as an independent vehicle in the name of Hunter M. Martin, in the Motor Vehicle Division of Virginia on October 8, 1956. After the issuance of the policy, the converted truck and attached trailer were operated by Franklin A. Martin with permission of the named insured and, while moving backward, came in contact with Bunting, causing him personal injuries. The accident happened on November 29, 1956, and it was stipulated that prior to that time the defendant was not given any notice of change in the vehicle. Martin notified his insurer of the accident and the defendant-insurer, after investigation, cancelled the policy on December 1, 1956.

On August 30, 1957, William C. Bunting brought suit against Franklin A. Martin and Hunter M. Martin in the Superior Court of New Castle County, Delaware, seeking damages for the injuries he sustained on November 29, 1956. The defendant in this suit, Hunter M. Martin, notified the present defendant-insurer of the pending action and demanded that it defend the same. The defendant-insurer herein refused to so do, claiming that the change in equipment was not covered in the policy and a verdict was rendered in favor of the plaintiff in the sum of $18,000 and this action was then filed under the provisions of 28 U.S.C. § 1332, the plaintiff being a citizen of the State of Delaware, and the defendant being a corporation incorporated under the law of Great Britain. The court below entered judgment for the defendant and this appeal follows.

Clause IV(a) (4) of the policy provides:

"Automobile means:

"(4) Newly Acquired Automobile—

"An automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy; or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required under coverages A, B and Division 1 of coverage C, if the newly acquired automobile replaces an owned automobile covered by this policy * *."

The court found the tractor-trailer here was not within the coverage of the policy as a newly acquired vehicle and not a complete replacement, but merely a modification thereof and we are in complete agreement therewith.

Clause III(c) is a standard exclusion clause in the policy and reads as follows:

"(c) under coverages A and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company;"

Likewise, we are here in agreement that the use of the word "insured" means the named insured; and, further, that "while the automobile is used" means only the automobile owned by the named insured; and, further, that "for towing of any trailer owned or hired by the insured" means the same insured who owned the automobile and the one who

owned and hired the trailer and, accordingly, the policy does not apply as provided in the exclusion clause.

The judgment of the district court will be affirmed.